## BRAZZELL *v.* THE STATE.

1. Where one without fare or ticket is ordered by the conductor to leave the train, and, after opportunity to comply, conceals himself in the car and continues the journey, he is guilty of violating the provisions of the act approved December 21, 1897 (Acts 1897, p. 116).
2. Nor would the contention that the defendant was under the influence of liquor afford relief to him from liability for his criminal act.

Submitted February 15, — Decided March 3, 1904.

Indictment for stealing ride on a railroad train.   Before Judge Covington.   City court of Moultrie.   January 7, 1904.

The defendant was an employee of the Georgia Northern Railway Company.   He got upon the train at Moultrie, bound for Albany.   The conductor asked him if he had a ticket or a pass, and, upon his answering in the negative, told him he would have to pay his fare or get off at the next stop on the outskirts of the town.   .The train stopped at the point indicated, long enough for the defendant to alight.   The conductor testified that he suspected that the defendant was trying to "beat" his way, and not only searched for him when the train started, but also instructed the baggage-master to do likewise.   Both went through the train several times without discovering the defendant, but subsequently the baggage-master found him crouched down between the seats. In his statement the defendant claimed to have been drunk, and to have no recollection of what he had done.   Having been found guilty, he moved for a new trial on the general grounds.   The motion was denied, and he excepted.

*Alfred R. Kline*, for plaintiff in error.
*T. W. Mattox, solicitor*, contra.

LAMAR, J.   When he entered the train the defendant made no effort to conceal himself; and although he did not pay his fare or offer to do so, he was not then guilty of any violation of the act of 1897 (Acts 1897, p. 116), making it unlawful to steal a ride on a railroad train.   When, however, the conductor directed him to get off, and the train stopped long enough to enable him to do so, but instead he remained in the car and secreted himself from the crew, he violated the statute.   Nor was his claim that he was under the influence of liquor any reason to set aside the verdict. Penal Code, § 39.   He was able to form a guilty intent, if sober enough to try to hide.

*Judgment affirmed.     All the Justices concur, except Simmons, C. J., absent.*